# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| EHT US1, Inc., *et al.*, | : | Bankruptcy Case No. 21-10036 (CSS) |
| | : | Bankruptcy ADV No. 21-50476 (CSS) |
| Debtor. | : | |
| _____ | : | |
| | : | |
| EHT ASSET MANAGEMENT, LLC, | : | |
| TAYLOR WOODS, and HOWARD WU, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-1583-MN |
| | : | Bankr. BAP No. 21-75 |
| URBAN COMMONS QUEENSWAY, LLC, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **14th** day of **December, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

Counsel have conferred regarding the prospects of mediating the instant dispute. They are not in agreement. Appellants believe that mediation would be useful in resolving this appeal. Appellees maintain that mediation would not be useful in resolving this appeal because the nature of the appellate issues do not lend themselves

___

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

to mediation or settlement

Appellants believe the issues involved in this appeal will be very similar to the issues already briefed in appellees' motion to dismiss the 4th appeal pending in 21-1467 MN.  Further they will be requesting in their briefs that the Court rule at its earliest convenience on their five (5) appeals because Debtors are seeking confirmation of their Chapter 11 Plan on December 20, 2021.  Appellees, however, will oppose any request to consolidate this appeal with other pending appeals and will object to any such requests when made.  They further reserve all rights regarding any request by appellants' to expedite the appellant process.

If the request to excuse this appeal from mediation is granted, the parties propose the following briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | December 30, 2021 |
| Appellee Answering Brief | The 1st business day that is 45 days after appellants file their opening brief. |
| Appellants' Single Reply Brief | 1st business day that is 21 days after appellee files its answering brief. |

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court

for this District and 28 U.S.C. § 636(b), this matter] be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge